**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JOSE LOPEZ RAMIREZ,

      Petitioner,

    v.

TODD BLANCHE, *et al*.,

      Respondents.

Case No. 2:26-cv-1966-RFB-MDC

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Jose Lopez Ramirez's First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See generally First. Am. Pet. for Writ of Habeas Corpus, ECF No. 14 [hereinafter, "Pet."]. For the following reasons, the Court grants the Petition.

## I.   INTRODUCTION

Petitioner challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). After preliminarily reviewing his petition, the Court ordered Respondents to make a "return certifying the true cause of [his] detention." See Order to Show Cause, ECF No. 11. Respondents failed to do so. This Court is well acquainted with Federal Respondents' newfound interpretation and application of the Immigration and Nationality Act ("INA"), particularly in regards to § 1225(b)(2)(A), see generally Fed. Resp'ts' Notice Regarding Class Membership, ECF No. 10 (July 10, 2026) [hereinafter, "Opp'n"], as the Court has repeatedly rejected it as unlawful.[1] See, e.g., Jacobo-Ramirez v.

---

[1] On March 30, 2026, the Court issued a classwide judgment declaring the government's interpretation of § 1225(b)(2)(A) unlawful under the INA, because undocumented noncitizens like Petitioner, who are arrested by ICE officers in the interior of the country and alleged to have entered without inspection or parole, are subject to detention under § 1226(a) and its implementing regulations: 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. See Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, No. 2:25-CV-02136-RFB-MDC, 2026 WL 879799, at *33 (D. Nev. Mar. 30, 2026).

Mullin, --- F. Supp. 3d ---, 2026 WL 879799, at *34–35 (D. Nev. Mar. 30, 2026) (collecting cases). Moreover, the government's statutory interpretation has recently been rejected by the Ninth Circuit and is unequivocally illegal within this circuit. See generally Rodriguez Vazquez v. Bostock, No. 25-6842, slip. op. (9th Cir. July 30, 2026).

As discussed below, Respondents have asserted a detention authority that is unlawful as applied to Petitioner. See generally id. Therefore, the Court finds Respondents have acted in violation of the INA, this Court's declaratory judgment/vacatur, and the law of this Circuit. In doing so, the government has utterly failed to answer this Court's order to provide a lawful basis for Petitioner's continued detention and failed to show it has afforded Petitioner the full suite of procedures he is owed as a matter of statute and corresponding regulations. On that basis, Court finds the appropriate remedy in this case is Petitioner's immediate release from custody.

## II.    FINDINGS OF FACT

Initially, Mr. Lopez Ramirez falls within the Jacobo-Ramirez Class. The Parties agree that Mr. Lopez Ramirez satisfies the criteria of class membership. See Pet. at 9; Opp'n at 1. The Court accepts their factual representations as undisputed and finds that Petitioner is a member of the Jacobo-Ramirez Class. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950).

Next, the Court finds that ICE did not conduct an initial custody determination for Mr. Lopez Ramirez shortly after arresting him. Further, Mr. Lopez Ramirez was taken into immigration detention pursuant to a deficient Warrant for Arrest (a.k.a., Form I-200). The Warrant for Arrest is dated May 26, 2026, but certification of service was not completed until June 16, 2026. See Warrant for Arrest, Opp'n, Exh. A at 7. The Court concludes that Mr. Lopez Ramirez's arrest and detention for immigration-related charges was improper.

## III.    CONCLUSIONS OF LAW

As a Jacobo-Ramirez Class member, Mr. Lopez Ramirez is entitled to enforcement of the declaratory judgment and vacatur afforded to the Class by this Court. Months ago, this Court declared that class members "are not subject to detention under § 1225(b)(2)(A)"; instead, "they

are subject to detention under 8 U.S.C. § 1226(a) and its implementing regulations," which supply a suite of procedural protections. Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, 2026 WL 879799, at *33; see also Rodriguez Vazquez, slip. op. Because Federal Respondents' only basis for detaining Petitioner is § 1225(b)(2)(A), see Opp'n at 1–2, his ongoing detention is unlawful under both the INA and this Court's class-wide declaratory judgment.

For reasons articulated in Perez Chacon v. Mattos, No. 2:26-cv-01061-RFB-EJY, 2026 WL 1960905, at *6–11 (D. Nev. July 7, 2026), which are incorporated by reference herein, the Court finds that Mr. Lopez Ramirez must be released from government custody. The government's failure to perform an initial custody determination as to Petitioner at the outset of his detention runs afoul of § 1226(a) and its implementing regulations, as well as this Court's declaratory judgment. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196–97 (9th Cir. 2022); Jacobo-Ramirez, 2026 WL 879799, at *33.

Petitioner's undisputed status as a Class Member also entitles him to the procedures under § 1226(a) as a matter of due process. For the reasons articulated in this Court's order in Quijay Garcia v. Mattos, No. 2:26-cv-01205-RFB-BNW, 2026 WL 1972386, at *4–8 (D. Nev. July 8, 2026), which are incorporated by reference herein, Mr. Lopez Ramirez is entitled to the procedures afforded by § 1226(a)'s regulatory scheme under the Due Process Clause of the Fifth Amendment. Thus, the Court finds that Petitioner's arbitrary detention—which occurred without any pre-deprivation process—violates his right to procedural due process.

Therefore, the Court finds Petitioner's detention has been unlawful from the moment it began, and immediate release—"the typical remedy" for "unlawful executive detention"— is appropriate here. See Munaf v. Geren, 553 U.S. 674, 693 (2008).

## IV.    CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents must **RELEASE** Petitioner from detention on his personal recognizance on **August 1, 2026** between the hours of **1:00 P.M. and 3:00 P.M.**

Counsel for Petitioner (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window.

**IT IS FURTHER ORDERED** Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing. If Federal Respondents impose release conditions in violation of this Order, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents must **RETURN** Petitioner's personal property—including personal identification and/or employment authorization documents—upon his release.

**IT IS FURTHER ORDERED** Respondents may not re-detain Petitioner during the pendency of his current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under the INA and its implementing regulations. To the extent the government seeks to detain Petitioner under 8 U.S.C. § 1226(a), it bears the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED** the Parties must file a **JOINT STATUS REPORT** by **August 3, 2026** confirming Respondents' compliance with this Order, including: (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

**DATED:** July 31, 2026.



RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE